# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 26 2015, 9:21 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Ruth Johnson
Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stephen Schauf,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 26, 2015

Court of Appeals Cause No.
49A02-1406-CR-444

Appeal from the Marion Superior
Court
Cause No. 49F07-1312-CM-80479

The Honorable David Cook, Judge

**Barnes, Judge.**

# Case Summary

Stephen Schauf appeals his conviction for Class B misdemeanor battery. We affirm.

# Issue

The sole issue before us is whether there is sufficient evidence to support Schauf's conviction.

# Facts

The evidence most favorable to the conviction is that on December 21, 2013, Joesette Dodson was renting a room at a home in Indianapolis and her daughter, Ashley Dodson, and grandchildren rented another room. Schauf also lived at the home. At about 3 a.m., Schauf came home and began baking in the home's kitchen. Schauf was making noise with pots and pans that was disturbing Joesette and the two got into an argument. Eventually, Joesette went back to her room until about seven or eight in the morning. When Joesette woke up, her grandchildren were in the living room watching television, and Schauf was still baking in the kitchen without a shirt on. Joesette began arguing with Schauf again over the remote control to the television and about the way Schauf was dressed in front of young children. At some point, Joesette knocked a bowl of flour off the kitchen counter. Schauf then grabbed Joesette's arm and pushed her up against a wall. Ashley witnessed the incident.

[4] Joesette called the police, and Officer Chris Gardner of the Indianapolis Metropolitan Police Department arrived on the scene. He took photographs of a slight laceration on Joesette's arm. After speaking with Joesette, Schauf, and Ashley, Officer Gardner decided to arrest Schauf for battery.

[5] The State charged Schauf with Class B misdemeanor battery. At Schauf's bench trial Officer Gardner, without objection, related statements Ashley had made to him regarding the incident and testified that Ashley's statements had convinced him to arrest Schauf for battery. At the conclusion of trial, the trial court stated, "the court is persuaded by the independent . . . witness, Ashley Dodson and more particularly . . . the . . . officer on the scene. Uh, that was Officer Gardner. Um, and gets considerable weight and credibility to his observations and testimony." Tr. p. 57. The trial court then found Schauf guilty as charged and sentenced him accordingly. Schauf now appeals.

## Analysis

[6] When we review the sufficiency of the evidence supporting a conviction, we must examine only the probative evidence and reasonable inferences therefrom that support the conviction. *Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012). We will neither assess witness credibility nor reweigh the evidence. *Id.* We will affirm a conviction unless no reasonable fact-finder could have found the elements of the crime proven beyond a reasonable doubt. *Id.* The evidence does not have to overcome every reasonable hypothesis of innocence, so long as

an inference may reasonably be drawn from the evidence to support the conviction. *Id.*

[7] In order to convict Schauf of Class B misdemeanor battery, the State was required to prove that he touched Joesette "in a rude, insolent, or angry manner . . . ." Ind. Code § 35-42-2-1(a) (2013). At trial, both Joesette and Ashley testified that Schauf grabbed Joesette's arm and pushed her into a wall during an argument. Although Schauf denied having done so, we cannot reweigh the evidence or judge witness credibility on appeal. The testimony of Joesette and Ashley is sufficient to support Schauf's conviction.

[8] Schauf contends the trial court erred when it said that it gave "considerable weight and credibility" to Officer Gardner's testimony, given that he did not personally observe the incident. Tr. p. 57. We first observe that no objection was made to Officer Gardner's testimony relating Ashley's statements to him, as well as his testimony that he found Ashley's statements to be "condemning toward Mr. Schauf" and that they convinced him to arrest Schauf for battery. *Id.* at 38. There being no objection to this testimony, the trial court was not precluded from considering it in assessing Schauf's guilt. *See Marcum v. State*, 725 N.E.2d 852, 863 (Ind. 2000) (holding that even otherwise inadmissible evidence may be considered by a factfinder if there is no objection to its introduction).

[9] Moreover, a trial court in a criminal bench trial is not required to make either findings of fact or conclusions thereon. *Dozier v. State*, 709 N.E.2d 27, 30 (Ind.

Ct. App. 1999). In reviewing the sufficiency of the evidence following a bench trial, "the focus of our inquiry is not upon the remarks the trial court makes in a bench trial after having reached the conclusion that a defendant is guilty." *Id.* Instead, we focus solely upon "whether the evidence presented to the trial court as fact-finder was sufficient to sustain the conviction." *Id.* Here, the trial court's comments regarding Officer Gardner's testimony are legally irrelevant. And, even if Officer Gardner's testimony is completely disregarded, there is sufficient evidence to support Schauf's conviction.

## Conclusion

There is sufficient evidence to support Schauf's conviction. We affirm.

Affirmed.


May, J., and Pyle, J., concur.